IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEREMIAH R. MILLER,
No. 18175-026,

   Petitioner,

vs.

T.G. WERLICH,

   Respondent.

Case No. 17–cv–855-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

 *Pro se* Petitioner Jeremiah Miller, currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 challenging the imposition of his federal sentence in *United States v. Miller*, No. 12-cr-10071-MMM-JEH-3 (C.D. Ill. Aug. 3, 2017) ("Federal Criminal Case"). Petitioner contends that the sentencing judge in his Federal Criminal Case mistakenly failed to give him credit pursuant to U.S.S.G. § 5G1.3 for time served in state custody for conduct related to his federal crime, even after the judge expressed an intention to do so. (Docs. 1, 3).

 This case is now before the Court for a preliminary review of the First

1

Amended Petition[1] pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## Background

On May 17, 2012, Petitioner Miller was indicted for Conspiracy to Manufacture Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A). He entered a guilty plea on December 4, 2012. Federal Criminal Case, Doc. 54. Paragraph 88 of Petitioner's Presentence Investigation Report read:

> The defendant is currently serving a term of imprisonment for conduct on an offense that resulted from an offense that is relevant conduct to the instant offense of conviction and was the basis for an increase in the offense level for the instant offense. The Court shall

---

[1] After filing his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) ("Original Petition"), Miller filed a Motion to Supplement Habeas Corpus Action (Doc. 3). In the Motion, Petitioner seeks to supplement his Section 2241 petition with certain exhibits that he wishes to be considered as part of the original filing. (Doc. 3, p. 1). Although the Court normally does not accept piecemeal amendments to pleadings, it will do so in this particular situation, where Miller sought leave to supplement the Original Petition prior to this Court's preliminary review of this matter. The Motion to Supplement (Doc. 3) shall therefore be **GRANTED**, and the Clerk is **DIRECTED** to refile the Original Petition (Doc. 1), the Motion to Supplement (Doc. 3), and the exhibits proposed in the Motion as a single pleading entitled "First Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241." The Court will refer to Document 1, the Motion (Doc. 3), and the exhibits proposed in the Motion collectively as the "First Amended Petition."

> adjust the sentence for the instant offense for any period of imprisonment already served on the undischarged term of imprisonment if the Court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons. The defendant has served approximately 14 month [sic] on related Case Nos. 11-cf-224 (Fulton County) and 11-cf-103 (McDonough County). Furthermore, the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

(Exhibit 1 Proposed in Doc. 3).

Petitioner was ultimately sentenced to be imprisoned for 240 months on June 13, 2013. Federal Criminal Case, Doc. 84. In the judgment, the sentencing judge was "silent to petitioner's jail credit." (Doc. 3, p. 1). On July 23, 2014, Petitioner sent a letter to the sentencing court requesting credit for the time he served in state prison for possession of methamphetamine, a charge he claims was related to his federal crime. Federal Criminal Case, Doc. 125. On October 24, 2016, Petitioner filed a Motion for Clarification of Sentence claiming that his judgment was entered in error as "[i]t was agreed that [Petitioner] would be entitled to [his] Earned Jail Credit from February 23, 2012, to the date of sentencing." Federal Criminal Case, Doc. 205. This Motion was denied on November 23, 2016 for failure to exhaust administrative remedies.

On June 14, 2017, Petitioner's judgment was amended to reduce his sentence to 180 months. Federal Criminal Case, Doc. 223. Petitioner's judgment was again amended to reduce his sentence to 81 months on August 3, 2017. Federal Criminal Case, Doc. 227. Petitioner filed a Motion to Amend Presentence Investigation Report on August 11, 2017, requesting that the sentencing court

3

review his Presentence Investigation Report and sentencing transcript so as to grant him "prior jail-time credit" that he never received. Federal Criminal Case, Doc. 230. He also filed a Motion to Supplement Motion to Correct in which he seeks to support his request for a 5G1.3 adjustment of his sentence. Federal Criminal Case, Doc. 231. These motions are still pending in his Federal Criminal Case in the United States District Court for the Central District of Illinois.

Petitioner pursued administrative remedies on this issue, but his request for an adjustment to his sentence was ultimately denied because "the federal sentencing judge was silent as to [Petitioner's] undischarged state sentence, causing [his] federal sentence to be served consecutively to the state sentence" pursuant to 10 U.S.C. § 3584. (Exhibit 4 Proposed in Doc. 3). The Administrator for National Inmate Appeals also noted that, pursuant to 10 U.S.C. § 3585(b), his time spent serving another sentence could "not be applied toward his federal sentence" by the Bureau of Prisons. *Id.*

## Discussion

Petitioner claims that at his sentencing hearing on June 11, 2013, his sentencing judge agreed with the Presentence Investigation Report to run Petitioner's federal sentence concurrent with his related state cases. (Doc. 1, p. 8). However, due to an error in his original state incarceration date in the Presentence Investigation Report, the Judge asked the probation officer to "get him the correct date" so that Petitioner could receive proper credit for jail-time

4

served. *Id.* Petitioner contends that this was never done, and the judgment in the case did not reflect the credit the judge intended to give him for time served. *Id.* Petitioner seeks to have his sentence adjusted pursuant to U.S.S.G. § 5G1.3 "to reflect 18 months Petitioner spent in custody" on cases related to his Federal Criminal Case. (Doc. 3, p. 1).

Petitioner's "argument challenges the imposition of his sentence, which is a contention ordinarily raised only under § 2255, *see Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir.2003), whereas challenges to the execution of a sentence are generally brought under § 2241, *see Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998)." *McCall v. United States*, 304 F. App'x 449, 450 (7th Cir. 2008). Because Petitioner "attacks the imposition, not the execution, of his sentence, he must demonstrate that he falls within the 'savings clause' provided by § 2255, which permits a prisoner to proceed under § 2241 if § 2255 was 'inadequate or ineffective to test the legality of his detention.'" *Id.* (citing 28 U.S.C. § 2255; *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003); *United States v. Prevatte*, 300 F.3d 792, 799 (7th Cir. 2002)).

The Court of Appeals for the Seventh Circuit has held that § 2255 is only inadequate or ineffective when three requirements are satisfied: 1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; 2) the case was decided after his first § 2255 motion but is retroactive; and 3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir.

2012). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'" *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).

To this Court's knowledge, Petitioner has never brought a § 2255 motion, nor does he cite a new case of statutory interpretation to support his request for a shorter sentence or assert that he is innocent of his charges. Rather, his challenge is premised on the sentencing court's alleged mistake in failing to apply the guidelines pursuant to its intention. Such a challenge is not appropriately brought in a § 2241 action. *See Gravitt v. Veach*, 229 F. App'x 417, 418 (7th Cir. 2007) (finding argument court misapplied § 5G1.3, or intended to credit petitioner under same, attacks imposition not execution of federal sentence, so § 2241 not appropriate vehicle to challenge sentence).

Additionally, Petitioner's "claim would face a serious obstacle in any collateral challenge because claims premised on the sentencing guidelines, absent 'extraordinary circumstances,' can only be raised on direct appeal." *Id.* at 419 (citing *Scott v. United States*, 997 F.2d 340, 343 (7th Cir. 1993); *United States v. Wisch*, 275 F.3d 620, 625 (7th Cir. 2001); *Allen v. United States*, 175 F.3d 560, 563 (7th Cir. 1999); *Soto v. United States*, 37 F.3d 252, 254 (7th Cir. 1994)).

## Disposition

Section 2241 cannot provide Petitioner with the desired relief, so this

action is summarily **DISMISSED** with prejudice.

The Clerk of Court is directed to enter judgment in favor of Respondent.

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.10.24 12:16:21 -05'00'

**United States District Judge**